UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
────────────────────────────────

ROBERT MOCO,

                       Petitioner

v.

JEFFREY SEARLS,
*in his official capacity as Officer-in-Charge,*
*Buffalo Federal Detention Facility*

                       Defendant
────────────────────────────────

23-CV-6316-FPG

DECISION AND ORDER

## INTRODUCTION

On June 9, 2023, Petitioner Robert Moco brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. On July 25, 2023, the Government responded to the petition. ECF No. 4. On August 23, 2023, Petitioner replied. ECF No. 5. On August 28, 2023, Petitioner filed a motion for miscellaneous relief, in which he requested, *inter alia*, additional time to submit supplemental materials in connection with his reply. ECF Nos. 6-8. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons below, the petition is GRANTED. Petitioner's motion for miscellaneous relief is DENIED as moot.

## BACKGROUND

The following facts are taken from the record. Petitioner is citizen of Albania. ECF No. 4-4 at 2. On an unknown date, Petitioner entered the United States as a non-immigrant and his status was adjusted to that of a lawful permanent resident sometime in 2008, but his application for naturalization was denied in 2013. ECF No. 4-4 at 2-3. On April 7, 2015, Petitioner was convicted of stalking and criminal contempt, and sentenced to a seven-year term of imprisonment. *Id*. at 3. On February 2019, Petitioner received an additional term of imprisonment. *Id*. On April

12, 2021, Petitioner was issued a Notice to Appear ("NTA") charging him with removability from the United States pursuant to 8 U.S.C. § 1227. *Id*.

On May 31, 2022, after approximately seven years' imprisonment, Petitioner was released and subsequently detained by the Department of Homeland Security ("DHS"). *Id*. DHS had previously determined that Petitioner would be detained for the pendency of immigration removal proceedings against him under 8 U.S.C. § 1226(c). *Id*. On July 12, 2022, Petitioner's first immigration hearing while in DHS custody was held, at which his attorney requested additional time to prepare, which caused Petitioner's case to be continued. *Id*. On July 26, 2022, another hearing was held, during which Petitioner's counsel withdrew from representing Petitioner and recommended that Petitioner receive a mental competency exam, which the immigration judge ordered to be performed. *Id*. at 4. On August 31, 2022, after the exam, Petitioner was found mentally competent to proceed in immigration removal proceedings. *Id*. Shortly thereafter, on September 27, 2022, Petitioner filed applications for relief from removal. *Id*. On October 18, 2022, the immigration judge scheduled a hearing to address Petitioner's application for cancellation of removal. *Id*.

On October 31, 2022, Petitioner's application for cancellation of removal was denied by an immigration judge, and Petitioner was ordered removed to Albania. *Id*. Petitioner then appealed the decision to the Board of Immigration Appeals ("BIA") and, on May 11, 2023, the BIA granted Petitioner's appeal, ordering the immigration judge to make additional factual findings. *Id*. On June 2, 2023, the immigration judge ordered additional briefing to be submitted. *Id*. at 5. After the immigration judge approved a request from Petitioner for a one-month adjournment of his hearing, Petitioner was scheduled for a removal hearing to be held on August 7, 2023.

Petitioner has been in immigration custody since May 31, 2022. *Id.* at 3. Immigration authorities reviewed Petitioner's custody in October 2022 and May 2023. ECF No. 4-4 at 3. Petitioner has not received a bond hearing.

On June 9, 2023, Petitioner filed the present action. ECF No. 1. Petitioner has now been detained by immigration authorities for approximately fifteen-months.

## DISCUSSION

### I.   Petition

Petitioner argues that, as a matter of procedural due process, he is entitled to a bond hearing wherein the government bears the burden of justifying his detention by clear and convincing evidence based on risk of flight or dangerousness.[1] The Court agrees.

In several provisions, the Immigration and Nationality Act ("INA") authorizes the detention of aliens pending removal. Relevant here is 8 U.S.C. § 1226, which gives immigration officials the authority to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). In other words, "section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018).

The default rule is that officials may release aliens on bond or conditional parole while removal proceedings are pending. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018). "Section 1226(c), however, carves out a statutory category of aliens who may not be released … ." *Id.* Here, Petitioner falls within the ambit of Section 1226(c). *See Thomas v. Whitaker*, No. 18-CV-6870, 2019 WL 1641251, at *3 (W.D.N.Y. Apr. 16, 2019).

---

[1] Petitioner also raises other grounds, but the Court need not address them in light of its disposition of this claim. *See* ECF No. 1.

By its plain terms, Section 1226(c) "mandates detention of any alien falling within its scope" and does not contemplate periodic bond hearings for said aliens. *Jennings*, 138 S. Ct. at 842, 847. This Court has held that "mandatory detention under Section 1226(c) may violate an alien's due process rights if the alien is held for an unreasonably long period." *Frederick v. Feeley*, No. 19-CV-6060, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019). "Once the alien's detention exceeds a reasonable period, the alien may be entitled to relief, including the right to a bond hearing with appropriate procedural safeguards." *Id*.

The question presented is whether the 1226(c) statutory scheme is constitutional as applied to Petitioner. To determine whether an alien's due process rights have been violated as a result of his continued detention under Section 1226, the Court first evaluates whether the "alien [has been] held for an unreasonably long period." *Frederick v. Feeley*, No. 19-CV-6090, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019) (discussing in context of detention under 8 U.S.C. § 1226(c)); *see also Hemans*, 2019 WL 955353, at *5. If the alien has been detained for an unreasonably long period, the Court proceeds to analyze whether the alien has received sufficient process to justify continued detention. *Hemans*, 2019 WL 955353, at *5. Applying this framework, the Court concludes that Petitioner is entitled to relief.

First, Petitioner's detention has been unreasonably prolonged. He has been detained for approximately fifteen months. On its face, this is a significant factor favoring Petitioner; indeed, courts have granted relief to aliens who have been detained for similar periods. *See Dutt v. Nielsen*, No. 19-CV-155, 2019 WL 13217219 at *2 (W.D.N.Y. May 7, 2019) (collecting cases for proposition that fifteen-month detention is "beyond the point at which courts find detention unreasonably prolonged"); *Fremont v. Barr*, No. 18-CV-1128, 2019 WL 1471006, at *4 (W.D.N.Y. Apr. 3, 2019) (collecting cases and noting that, after twelve months, courts "become extremely wary of permitting continued custody absent a bond hearing"); *Bermudez Paiz v.*

4

*Decker*, No. 18-CV-4759, 2018 WL 6928794, at *13 (S.D.N.Y. Dec. 27, 2018) (finding sixteen-month detention unreasonable).

Further, this delay appears to be attributable to the normal administrative and appeals process. Although Petitioner has requested adjournments and filed a timely appeal of his order of removal—which inevitably extended his detention—Respondents do not suggest that he has abused the processes available to him or otherwise maliciously delayed proceedings. This is significant, as the Second Circuit has made a distinction between aliens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process." *Hechavarria v. Sessions*, 891 F.3d 49, 56 n.6 (2d Cir. 2018). In other words, pursuit of relief from removal "does not, in itself, undermine a claim that detention is unreasonably prolonged." *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018); *see also Hemans*, 2019 WL 955353, at *6. Thus, contrary to Respondents' suggestion, the mere fact that Petitioner appealed an adverse agency determination does not bar relief. ECF No. 4-4 at 8. Accordingly, Petitioner has passed the first step.

Second, the process that Petitioner has been afforded is constitutionally inadequate as Petitioner has been detained for an unreasonable period without a proper bond hearing. Accordingly, Petitioner is entitled to relief in the form of a bond hearing before an immigration judge with proper procedural safeguards—namely, (1) the government must bear the burden of proving by clear and convincing evidence that Petitioner remains and is presently a risk of flight or danger to the community; and (2) the immigration judge must also consider less restrictive alternatives to detention and find that no condition or combination of conditions short of detention can reasonably assure Petitioner appearance and the safety of the community (*i.e.*, there are no conditions that would ameliorate the risks that Petitioner poses). *See Fremont v. Barr*, No. 18-CV-1128, 2019 WL 1471006, at *7-8 (W.D.N.Y. Apr. 3, 2019).

Therefore, because Petitioner's detention has been unreasonably prolonged, and because he has not yet been afforded a constitutionally adequate bond hearing, his continued detention violates his due process rights. He is entitled to relief in the form of a bond hearing with proper procedural safeguards, which he has not yet received. "Once his detention has been unreasonably prolonged, an alien has a right to a new bond hearing." *Thomas v. Whitaker*, No. 18-CV-6870-FPG, 2019 WL 13217738, at *3 (W.D.N.Y. Aug. 7, 2019).

For these reasons, this aspect of Petitioner's petition is granted.

**II. Motion for Miscellaneous Relief**

On August 28, 2023, Petitioner filed a motion for miscellaneous relief, in which he (i) challenged the validity of the declaration of Peter Sukmanowski, DHS Assistant Field Office Director, and (ii) requested additional time to submit supplemental materials in connection with his reply. ECF Nos. 6-8. The Court rejects Petitioner's first challenge and finds his request for additional time moot.

First, Petitioner argues that Peter Sukmanowski's declaration, submitted in support of Respondent's opposition, is invalid because it was not signed and dated and therefore should be resubmitted to him and the Court. ECF No. 6-8. After reviewing Sukmanowski's declaration, the Court finds that it is not invalid. ECF No. 4-4 at 8. Rather, the declaration is digitally signed and dated July 20, 2023. *Id*. Sukmanowski's electronic signature does not invalidate his declaration.

Second, to the extent Petitioner requests additional time to submit supplemental materials, the Court has received and reviewed the materials Petitioner has submitted with his petition and accordingly finds this request moot. *See* ECF Nos. 7-8.

## CONCLUSION

For the foregoing reasons, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED. Petitioner's motion for miscellaneous relief is DENIED.

By November 17, 2023, Respondent Searls shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on risk of flight or danger to the community.  To conclude that detention is justified, the immigration judge must also find that no less restrictive alternative to detention that could reasonably assure Petitioner's appearance and the safety of the community exists.  If a bond hearing is not held by November 17, 2023, Respondent Searls shall release Petitioner immediately with appropriate conditions of supervision. By November 17, 2023, Respondent Searls shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 26, 2023
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York